No. 25.—GEORGE MOORE, plaintiff in _fi. fa._ and in error, _vs._ WM. A. RAMSEY, claimant, and defendant in error.

[1.] When the following entries appeared on an execution, "Levied the within _fi. fa._ on a lot of land, No. not known, in the 16th district, formerly Lee, now Sumpter County, the undivided half of lot No. 199, and half of lot No. 209, in the 27th district, all levied on as the property of John H. Blount, 27th Sept. 1842." "The above levy stopped by order of plaintiff's attorney, Nov. 2d, 1842, E. J. Cottle, Sheriff:" _Held_, that the two entries, taken together, were such a return on the execution, made by the proper officer, as took it out of the Dormant Judgment Act of 1823.

Claim, in Sumpter Superior Court. Tried before Judge WARREN, May Term, 1851.

The single question in this case was, whether the judgment and execution of plaintiff in _fi. fa._ was dormant, under the Act of 1823. The judgment was dated 7th May, 1842 ; execution issued 13th May, 1842. On the back of the execution was indorsed the following entries : "Levied the within _fi. fa._ on lot of land, No. not known, in the 16th district, formerly Lee, now Sumpter County, the undivided half of lot No. 199, and half of lot No. 209, in the 27th district, all levied on as the property of

John H. Blount, 27th Sept. 1842." This entry was not signed by any one.

" The above levy was stopped by order of the plaintiff's attorney, Nov. 2d, 1842.   (Signed,)

E. J. COTTLE, Sheriff."

" The above lands levied on by this *fi. fa.* have been discovered not to be subject ; it is, therefore, dismissed by order of plaintiff, July 27, 1849.   (Signed,)

GREEN M. WHEELER, Dep. Sheriff."

On the same day, July 27, 1849, the levy was made, to which the claim was interposed.

The Court decided that the judgment and execution were dormant—the entries dated 27th Sept. 1842, and 2d Nov. 1842, not constituting a legal levy and return, as required by the Statute.

This decision is brought up for review.

E. R. BROWN, for plaintiff in error.

SULLIVAN & McCAY, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question made in this case is, whether the two entries made on the execution, the one on the 27th Sept. 1842, the other on the 2d Nov. 1842, was such a return, made by the proper officer, as would take the *fi. fa.* out of the Dormant Judgment Act of 1823. That Act declares, that " all judgments that may be hereafter rendered in any of the Courts of this State, on which no execution shall be sued out, or which executions, if sued out, *no return shall be made by the proper officer* for executing and returning the same within seven years, shall be void and of no effect, &c." *Prince,* 458. The object of the Act was, to declare such judgments and executions dor-

VOL X 24

mant, which had been slumbering in the Clerk's office, or in the pocket of the plaintiff for seven years, without having been put *in action*, by being placed in the hands of the proper officer to make the money out of the defendant.    Does this execution come within the true intent and meaning of this Act?

The objection to the entry, made on the 27th Sept. 1842, purporting to have been a levy on the defendant's property is, that it is not signed by any one; but it will be remarked, that on the 2d November thereafter, this levy was recognized by the Sheriff, as having been made on the defendant's property, for, by his entry on the execution made on that day, he says: "The above levy stopped by order of the plaintiff's attorney, Nov. 2d, 1842. E. J. Cottle, Sheriff."

Taking the two entries together, we think it is such a return on the execution, by the proper officer, within seven years, as will take it out of the Dormant Judgment Act.    The entries, taken together, clearly show that the execution was *in action* at the time the same were made, and that the last entry signed by the Sheriff, is a satisfactory *recognition* that the first entry was made by the proper officer, although not signed by him, inasmuch as the Sheriff treats it as a levy, having been properly made when he disposes of it, by saying: "The *above levy* was stopped by order of the plaintiff's attorney."

Let the judgment of the Court below be reversed.